IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DIVISION

UNITED STATES OF AMERICA §
§
§ CASE NUMBER 6:11-CR-45-RC
v. §
§
§
§
LEHUA DEANN MAUALA (1) §

**REPORT AND RECOMMENDATION ON PETITION FOR
WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender under Supervision" filed September 30, 2016, alleging that the Defendant, Lehua Deann Mauala, violated her conditions of supervised release. This matter is referred to the undersigned United States Magistrate Judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n. 1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(1) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Defendant was sentenced on March 20, 2012, by United States District Judge Leonard Davis, of the Eastern District of Texas, after pleading guilty to the offense of Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j), a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Judge Davis sentenced Defendant to 63 months of imprisonment followed by a 3-year term of supervised

release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing, and a $100 special assessment.

## II. The Period of Supervision

On December 4, 2015, Defendant completed her period of imprisonment and began service of the term of supervised release. The case was reassigned to Chief Judge Ron Clark on August 29, 2016.

## III. The Petition

United States Probation Officer Linda Werner filed the Petition for Warrant for Offender Under Supervision raising nine allegations. The petition alleges that Defendant violated the following conditions of release:

> Allegation 1. The defendant shall not commit another federal, state, or local crime. Here, it is alleged that the defendant was arrested on September 17, 2016, by Caddo Valley, Arkansas, Police Department for Obstructing Governmental Operations, misdemeanor; Possession of Schedule IV <4 oz of marijuana, misdemeanor; Possession of Drug Paraphernalia, syringes and scale, felony, and Possession of Schedule I or II <2 GM, heroin, felony.
>
> Allegation 2. The defendant shall not unlawfully possess a controlled substance. The same factual allegations alleged in Allegation 1 are alleged in Allegation 2.
>
> Allegation 3. The defendant shall refrain from any unlawful use of a controlled substance. Here, it is alleged that the defendant submitted a urine specimen on January 21, 2016, which tested positive for methamphetamine.
>
> Allegation 4. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. The same factual allegations in Allegation 3 are alleged in Allegation 4.
>
> Allegation 5. The defendant shall not leave the judicial district without permission of the Court or probation officer. Here, it is alleged that the defendant was arrested in Caddo Valley, Arkansas, on September 17, 2016 and did not have permission from the Court or the probation office to leave the Eastern District of Texas.
>
> Allegation 6. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. Here,

it is alleged that the defendant failed to report to the probation office on April 20, 2016, as instructed.

Allegation 7. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. Here, it is alleged that the defendant failed to notify the probation office 10 days prior to change in employment. She quit her job at Presto Products Company, Carrollton, Texas, on February 2, 2016 and notified the probation office of the change on February 17, 2016.

Allegation 8. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer. Here, it is alleged that on July 10, 2016, the defendant was arrested by McKinney, Texas, Police Department for No Drivers License, misdemeanor offense. Two convicted felons, Jordan Taylor Stornello and Steven Charles Williams, were also in the vehicle at the time of her arrest. In addition, at the time of the defendant's arrest on September 17, 2016, in Caddo Valley, Arkansas, the defendant was in the vehicle of convicted felon Sarah Burris aka Sarah Richie.

Allegation 9. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Here, the defendant was instructed to begin twice monthly substance abuse treatment sessions at Fletcher Counseling, Plano, Texas, beginning in February 2016. She only attended one session in February and March 2016. She failed to attend sessions as scheduled on May 19, June 9, and June 30, 2016. The defendant was unsuccessfully discharged from treatment on June 30, 2016, due to her failure to attend sessions as directed. In addition, the defendant failed to submit to drug testing as directed on February 8, February 10, June 29, and July 29, 2016.

### IV. Proceedings

On August 10, 2017, the undersigned convened a hearing pursuant to FED. R. CRIM. P. 32.1 to hear evidence and arguments on whether the Defendant violated her conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement had been reached as to a recommended disposition regarding the petition. The Defendant agreed to plead "true" to Allegation 5 in the petition. In addition, the parties agreed

that the Defendant should be sentenced to a term of imprisonment of 14 months, with no further supervised release.

## V. Applicable Law

According to 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years if such offense is a Class B felony, more than 2 years if such offense is a Class C or D felony, or more than 1 year in any other case. The original offense of conviction here was a Class C felony; therefore, the maximum sentence is 2 years of imprisonment.

Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992).

According to U.S.S.G. § 7B1.1(a),[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervision as alleged in Allegation 5 of the petition, the Defendant will be guilty of committing a Grade C violation. With Defendant's original criminal history category of VI, the applicable guideline range for a Grade C violation is 8 to 14 months of imprisonment.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least 1 month but not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term. According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than 6 months but not more than 10 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to

---

[1] All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *see also United States v. Price*, 519 Fed.Appx. 560, 562 (11th Cir. 2013).

be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b). Any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant. (18 U.S.C. § 3553(a)(1))

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. (18 U.S.C. § 3553(a)(2)(B)–(D))

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in

effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(4) and 28 U.S.C. § 994(a)(3))

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(5))

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. (18 U.S.C. § 3553(a)(6))

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Analysis

The Defendant pled "true" to Allegation 5 in the petition that alleges that she violated a standard condition of release by leaving the judicial district without permission. Based upon the Defendant's plea of "true" to this allegation in the Petition for Warrant or Summons for Offender under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of her supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and her criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months of imprisonment. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation, together with the aforementioned statutory sentencing factors, will best be served by a prison sentence of 14 months, with no further supervised release.

## VII. Recommendation

It is recommended that the Court find that the Defendant violated a standard condition of release by leaving the judicial district without permission. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

The Defendant should be sentenced to a term of 14 months of imprisonment, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. The Defendant requested to serve her prison term at the Federal Correctional Institution in Carswell or, alternatively, Bryan, to facilitate family visitation. The Defendant's request should be accommodated, if possible.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights on the record and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be imprisoned for a period of 14 months, with no further supervised release.

So ORDERED and SIGNED this 10th day of August, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE